FILED

JAN 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1   RONALD J. TENPAS
    Acting Assistant Attorney General
2   Environment and Natural Resources Division
    U.S. Department of Justice
3
    ELLEN MAHAN
4   Deputy Chief
    Environmental Enforcement Section
5   ANN C. HURLEY, DC Bar No. 375676
    Trial Attorney
6   Environmental Enforcement Section
    U.S. Department of Justice
7   301 Howard Street, Suite 1050
    San Francisco, CA  94105
8   Tel: (415) 744-6480
    Fax: (415) 744-6476
9   E-mail: ann.hurley@usdoj.gov

RECEIVED

OCT - 2 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFOR

10  Attorneys for Plaintiff United States of America

11  (Additional Attorneys on Next Page)

12

13

14                    UNITED STATES DISTRICT COURT
15                  NORTHERN DISTRICT OF CALIFORNIA

16                    C 07 5067

SBA

17  UNITED STATES OF AMERICA, the
    PEOPLE OF THE STATE OF
    CALIFORNIA, *ex rel.* CALIFORNIA
18  AIR RESOURCES BOARD, and NORTH
    COAST UNIFIED AIR QUALITY
19  MANAGEMENT DISTRICT,

20
              Plaintiffs,           CIV. NO.
21
              v.                    CONSENT DECREE
22
    EVERGREEN PULP, INC.,
23
              Defendant
24

25

26

27

28

                                            Consent Decree

1   EDWIN G. BROWN JR.
    Attorney General of the State of California
2   MARY HACKENBRACHT, Assistant Attorney General
    JOHN DAVIDSON, Supervising Attorney General
3   ANITA E. RUUD, Deputy Attorney General CA Bar No. 072483
    Office of the California Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102
5   Tel: (415) 703-5533
    Fax: (415) 703-5480
6   E-mail: Anita.Ruud@doj.ca.gov

7   Attorneys for Plaintiff California Air Resources Board

8

9   NANCY DIAMOND CA Bar No. 130963
    Law Offices of Nancy Diamond
    822 G Street, Suite 3
10   Arcata, CA 95521
    Tel: (707) 826-8540
11   Fax: (707) 826-8541
    E-mail: ndiamond@humboldt1.com
12

13   Attorney for Plaintiff North Coast Unified Air Quality Management District

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -ii-                           Consent Decree

1    Concurrently with the lodging of this Consent Decree, the United States of America, on

2    behalf of the United States Environmental Protection Agency ("EPA"), the California Air

3    Resources Board ("ARB") and the North Coast Unified Air Quality Management District

4    ("North Coast" or "District") (collectively, the "Plaintiffs") have filed a Complaint in this action

5    pursuant to Section 113 of the Clean Air Act (the "CAA"), 42 U.S.C. § 7413, California Health

6    and Safety Code § 42403, and North Coast Unified Air Quality Management District Rule 105

7    alleging that Defendant Evergreen Pulp, Inc. ("Defendant" or "Evergreen)" violated the CAA,

8    California state law and District regulations at its kraft pulp mill in Samoa, Humboldt County,

9    California (the "Facility").

10    The Complaint alleges that Defendant has failed to comply with applicable CAA

11    requirements, including, but not limited to, its operating permit issued by North Coast pursuant

12    to Title V of the CAA, 42 U.S.C. § 7661a-7661f; the New Source Performance Standards

13    applicable to Pulp and Paper Mills, 40 C.F.R. Part 60, Subpart BB; and the National Emissions

14    Standards for Hazardous Air Pollutants ("NESHAPs"), General Provisions, and as applicable to

15    Chemical Recovery Combustion Sources at Kraft Pulp Mills, 40 C.F.R. Part 63, Subparts A and

16    MM, Part 4 of Division 26 of the California Health and Safety Code and the Rules and

17    Regulations of the North Coast Unified Air Quality Management District.

18    Defendant denies any liability to the Plaintiffs arising out of the transactions or

19    occurrences alleged in the Complaint.

20    The Parties recognize, and the Court by entering this Consent Decree finds, that this

21    Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between

22    the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

23    NOW, THEREFORE, before the taking of any testimony, without the adjudication or

24    admission of any issue of fact or law except as provided in Section I (JURISDICTION AND

25    VENUE) below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED,

26    AND DECREED as follows:

27    I. JURISDICTION AND VENUE

28    1.    This Court has jurisdiction over the subject matter of this action, pursuant to 28

-1-

Consent Decree

1  U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and
2  over the Parties. Venue lies in this District pursuant to 42 U.S.C. § 7413(b), and 28 U.S.C. §§
3  1391(b) and (c) and 1395(a), because the violations alleged in the Complaint occurred in, and
4  Defendant conducts business in, this judicial District. For purposes of this Decree, or any action
5  to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree or such
6  action and over Defendant, and consents to venue in this judicial District.

7      2.      Notice of the commencement of this action has been given to the State of
8  California, as required by Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

9                            II. APPLICABILITY

10     3.      The obligations of this Consent Decree apply to and are binding upon the United
11 States, ARB and North Coast, and upon Defendant and any successors, assigns, or other entities
12 or persons otherwise bound by law.

13     4.      No transfer of ownership or operation of the Facility, in whole or in part, whether
14 in compliance with this Paragraph or otherwise, shall relieve Defendant of its obligation to
15 ensure that the terms of the Decree are implemented. Notwithstanding the foregoing, EPA,
16 North Coast and ARB may agree to relieve Defendant of all or a portion of its obligation to
17 comply with the terms of this Decree if: (1) the transferee agrees to undertake the obligations
18 required by the Consent Decree and to be substituted for Defendant as a party under the Decree
19 and be thus bound by the terms thereof, and (2) EPA, North Coast and ARB approve such
20 transferee. EPA, North Coast and ARB may request information regarding the transferee's
21 financial ability to assume such obligations and compliance history prior to granting such
22 approval. EPA, North Coast and ARB may condition such approval upon terms they deem
23 appropriate. At least thirty (30) days prior to such transfer, Defendant shall provide a copy of
24 this Consent Decree to the proposed transferee and shall simultaneously provide written notice of
25 the prospective transfer to EPA, the United States Department of Justice ("DOJ"), ARB and
26 North Coast in accordance with Section XII (NOTICES) of this Decree. Any attempt to transfer
27 ownership or operation of the Facility without complying with this Paragraph constitutes a
28 violation of this Decree.

Consent Decree

1       5.    Defendant shall provide a copy of this Consent Decree to all officers, employees,

2   and agents whose duties might reasonably include compliance with any provision of this Decree,

3   as well as to any contractor retained to perform work required under this Consent Decree.

4   Defendant shall condition any such contract upon performance of the work in conformity with

5   the terms of this Consent Decree.

6       6.    In any action to enforce this Consent Decree, Defendant shall not raise as a

7   defense the failure by any of its officers, directors, employees, agents or contractors to take any

8   actions necessary to comply with the provisions of this Consent Decree.

9   III. <u>CIVIL PENALTY</u>

10      7.    Within thirty (30) days after this Consent Decree is entered by this Court,

11  Defendant shall pay the sum of three hundred thousand dollars ($300,000) as a civil penalty to

12  the United States.  Payment shall be made by Electronic Funds Transfer ("EFT") to the U.S.

13  Department of Justice in accordance with instructions to be provided to Defendant, following

14  lodging of the Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for

15  the Northern District of California.  At the time of payment, Defendant shall simultaneously send

16  written notice of payment (referencing DOJ case number 90-5-2-1-08786 and the case name and

17  civil action number of this case), and a copy of any transmittal documentation to EPA and DOJ

18  in accordance with Section XII (NOTICES) of this Decree.

19      8.    Within thirty (30) days after this Consent Decree is entered by this Court,

20  Defendant shall pay the sum of three hundred thousand dollars ($300,000) as a civil penalty to

21  ARB.  Such payment shall be made to the Air Resources Board Air Pollution Control Fund and

22  sent to the party designated to receive notice under Paragraph 63 below with a copy of the

23  transmittal of such payment to ARB counsel also designated in Paragraph 63.

24      9.    Within thirty (30) days after this Consent Decree is entered by this Court,

25  Defendant shall pay the sum of three hundred thousand dollars ($300,000) as a civil penalty to

26  North Coast.  Payment shall be made by EFT to the North Coast Unified Air Quality

27  Management District in accordance with account and routing instructions that shall be provided

28  by North Coast to Defendant following lodging of the Consent Decree.  At the time of payment,

-3-

Consent Decree

1    Defendant shall simultaneously send written notice of payment and a copy of any transmittal

2    documentation to North Coast in accordance with Section XII (NOTICES) of this Decree.

3                        IV.  COMPLIANCE REQUIREMENTS

4        10.    Upon the date this Consent Decree is entered by this Court (the "Effective Date"),

5    Evergreen shall be in compliance with 40 C.F.R. Part 63, Subparts A and MM for the recovery

6    boiler and smelt dissolving tank ("SDT").

7        11.    By April 26, 2007, Evergreen shall be in compliance with 40 C.F.R. Part 63,

8    Subparts A and MM for the lime kiln.

9        12.    Emission Limits for Smelt Dissolving Tank Exhaust Stack: Evergreen shall not

10    exceed the following emission limits:

11        Particulate Matter: 0.20 pounds per ton of black liquor solids ("BLS") pursuant to

12    North Coast State Implementation ("SIP") Regulation 1-4, Rule 420(d) and 40 C.F.R. §§

13    60.282(a)(2) and 63.862(a)(i)(B).

14        13.    Operational Requirements for Smelt Dissolving Tank Wet Scrubber and Spray

15    Curtain: Evergreen shall maintain and operate the wet scrubber and spray curtain to control

16    particulate emissions from the smelt dissolving tank in accordance with the requirements set

17    forth in Paragraphs 28 through 34 of the revised Authority to Construct Permit No. 000-233-1

18    issued by North Coast on January 20, 2006 (attached hereto as Appendix A).  The obligation in

19    this paragraph to maintain and operate the wet scrubber and spray curtain shall cease, however, if

20    and when Evergreen commences to control particulate matter emissions from the smelt

21    dissolving tank with new or different emissions control equipment, provided that Evergreen

22    meets all local, state and federal requirements applicable to the modification.

23        14.    Monitoring, Reporting and Recordkeeping for Smelt Dissolving Tank Emissions:

24    Unless or until such Authority to Construct Permit is modified, terminated or revoked by North

25    Coast, Evergreen shall comply with the monitoring, reporting and recordkeeping requirements of

26    Paragraph 43 through 57 of the revised Authority to Construct Permit issued by North Coast on

27    January 20, 2006  (Appendix A).

28        15.    Alternative Monitoring Plan for Smelt Dissolving Tank:  Upon the Effective Date

                                    -4-                        Consent Decree

1    of this Consent Decree, Evergreen shall have submitted to EPA, North Coast and ARB an

2    alternative monitoring plan for the smelt dissolving tank spray curtain, pursuant to 40 C.F.R. §

3    63.864(e)(14).

4         16.   ESP for Lime Kiln: As part of the consideration for this settlement, Evergreen

5    installed an electrostatic precipitator ("ESP") to control particulate matter emissions from the

6    lime kiln. Evergreen commenced operation of the ESP on April 26, 2007, and conducted an

7    initial performance test of the ESP between May 22-28, 2007.

8         a.   Evergreen shall demonstrate compliance with the particulate emission standard

9    using EPA Method 5 and CARB Method 5 pursuant to Paragraph 66(a)(i)-(iv) and (b)(i)-(iv) of

10   the Authority to Construct Permit # 000348-1 dated November 8, 2006 ("2006 ATC") (Appendix

11   B hereto). Evergreen submitted a copy of the performance test results to EPA, North Coast, and

12   ARB within sixty (60) days following completion of the performance test.

13        b.   Evergreen shall complete optimization testing by June 20, 2007, as set forth in

14   Paragraphs 59-62 of the 2006 ATC (Appendix B hereto). A copy of the report that describes the

15   results of the optimization testing was submitted to EPA, North Coast, and ARB within sixty

16   (60) days following completion of the testing.

17        17.   Emission Limits for Lime Kiln Exhaust Stack: Beginning on April 26, 2007,

18   Evergreen shall not exceed any of the following emission limits:

19        a.   Particulate Matter: 0.064 grains ("gr") per dry standard cubic foot ("dscf")

20   (corrected to 10% oxygen) pursuant to 40 C.F.R. § 63.862(a)(i)(c)).

21        b:   Opacity:

22            i.   20 percent for 6 percent or more of the operating time within any

23                quarterly period pursuant to 40 C.F.R. § 63.864(k)(2);

24            ii.   40 percent for 3 minutes in any one hour pursuant to North Coast SIP

25                Regulation 1-4, Rule 410(a).

26        18.   Continuous Opacity Monitoring System ("COMS") for Lime Kiln Exhaust Stack:

27   Evergreen shall install, maintain and operate a COMS for the Lime Kiln Exhaust Stack according

28   to the following schedule:

a.       Evergreen shall have completed installation and commence operation of the COMS according to the requirements set forth in 40 C.F.R. §§ 63.6(h), 63.8 and 63.864(d)(3) and (4) by May 16, 2007.

b.       Evergreen shall certify that the COMS meets the requirements set forth in 40 C.F.R. §§ 63.6(h), 63.8 and 63.864(d)(3) and (4) by September 5, 2007.

c.       Evergreen shall implement corrective action, as specified by the startup, shutdown and malfunction plan required by Paragraph 21 below and 40 C.F.R. § 63.866(a) if the average of ten consecutive 6-minute averages result in a measurement greater than 20 percent opacity.

19.      Interim Requirements for the Lime Kiln:

a.       Unless Evergreen has been authorized by North Coast before the Effective Date to terminate such operations and maintenance, Evergreen shall, upon the Effective Date of this Consent Decree, operate and maintain a HydroMist quench lance system to mitigate excess particulate matter emissions from the lime kiln, as follows:

i.       The total liquid flow rate through the lance header on the quench system shall be operated at a minimum of 100 gallons per minute based on a 3-hour rolling average.

ii.      Evergreen shall monitor the flow rate on the lance header at least once every successive 15-second period.  Evergreen shall record the averaged flow rate through the lance header at least once every successive 15-minute period.

iii.     Upon the Effective Date of this Consent Decree, Evergreen shall have submitted to EPA, North Coast and ARB an alternative monitoring plan for the lime kiln HydroMist quench lance system, pursuant to 40 C.F.R. § 63.864(e)(14).

iv.      Upon the Effective Date of this Consent Decree, Evergreen will have prepared and submitted to EPA, North Coast and ARB a proposed inspection and maintenance plan for the quench lance system.

b.       If not necessary to maintain compliance with applicable emission limits,

-6-

Consent Decree

1  Evergreen shall request authorization from North Coast to terminate operation of the HydroMist

2  quench lance system. A copy of the request shall be sent to ARB and EPA. Such request shall

3  include a description of why the quench lance system is not needed to comply with the applicable

4  emission limits for the lime kiln. Use of the quench lance system shall not be terminated without

5  the affirmative approval of North Coast.

6      20.    Record Retention: No later than the Effective Date of this Consent Decree,

7  Evergreen shall be in compliance with the record retention requirements of 40 C.F.R. §§

8  63.10(b)(1) and 63.866(c)(3) for records of pressure drop and scrubbing liquid flow rate at the

9  scrubber for the smelt dissolving tank, provided, however, that Evergreen shall not be required to

10  be in possession, on or after the Effective Date, of such records that were not retained before

11  August 31, 2006.

12      21.    Startup, Shutdown and Malfunction Plan:

13      a.    Upon the Effective Date of this Consent Decree, Evergreen shall have submitted

14  to EPA, North Coast, and ARB a startup, shutdown and malfunction plan ("SSM Plan"), as

15  required by 40 C.F.R. § 63.866(a), for the recovery boiler, the smelt dissolving tank and the lime

16  kiln. The submitted SSM Plan shall include an update to address the SDT spray curtain and the

17  Lime Kiln ESP and, as applicable, the HydroMist quench lance system.

18      b.    Upon the Effective Date of this Consent Decree, Evergreen will have prepared

19  and submitted to EPA, North Coast and ARB an updated SSM Plan for the Lime Kiln ESP.

20      22.    Recordkeeping and Reporting: Upon the Effective Date of this Consent Decree,

21  Evergreen shall comply with applicable recordkeeping and reporting requirements of 40 C.F.R.

22  Part 63, Subparts A and MM.

23      23.    Continuous Emission Monitoring System (CEMS) and COMS Requirements:

24      a.    No later than the Effective Date of this Consent Decree, Evergreen shall send a

25  notice to EPA, ARB and North Coast certifying that the operation of the recovery boiler and lime

26  kiln CEMS meets the requirements of 40 C.F.R. Part 60, Appendices B and F, including current

27  Quality Assurance ("QA")/Quality Control ("QC") plans, performance of quarterly gas audits,

28  COMS quarterly audits, calibration drift tests, and annual relative accuracy test audit. This

-7-                                    Consent Decree

1  notification shall contain the certification statement required by Paragraph 27 of this Decree.

2      b.      No later than the Effective Date of this Consent Decree, Evergreen shall send a

3  notice to EPA, ARB and North Coast certifying that a quality control program and plan has been

4  developed and implemented for the recovery boiler COMS that meets the requirements set forth

5  in 40 C.F.R. § 63.8(d). This notification shall contain the certification statement required by

6  Paragraph 27 of this Decree.

7      c.      Evergreen shall certify that a quality control program and plan has been developed

8  and implemented for the lime kiln COMS that meets the requirements set forth in 40 C.F.R. §

9  63.8(d) by September 5, 2007.

10     24.     Permits. When any compliance obligation under this Section requires Defendant

11 to obtain a federal, state, or local permit or approval, Defendant shall submit timely applications

12 and timely provide additional information as requested by the permitting authority to make its

13 applications complete, and take all other actions reasonably necessary to obtain all such permits

14 or approvals. Defendant may seek relief under the provisions of Section VII (FORCE

15 MAJEURE) of this Consent Decree for any delay in the performance of any such obligation

16 resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to

17 fulfill such obligation, if Defendant has submitted timely and complete applications and, in

18 accordance with the foregoing, has taken all other actions reasonably necessary to obtain all such

19 permits or approvals. This Paragraph shall not relieve Defendant of any obligation arising under

20 federal, state or local rule or regulation pertaining to permit approval. Nothing in this Decree

21 shall impair Evergreen's right to appeal a permit or approval, or permit or approval condition,

22 pursuant to applicable appeal procedures, except that Evergreen shall not challenge any condition

23 of a permit or approval that is also a provision of this Consent Decree. Subject to this limitation

24 the time for performance of provisions of this Consent Decree that require Evergreen to obtain a

25 federal, state, or local permit or approval shall be tolled during the pendency of an appeal.

26                          V.  REPORTING REQUIREMENTS

27     25.     Defendant shall submit the following reports, commencing on the Effective Date

28 of this Consent Decree:

-8-                                        Consent Decree

1      a.      Within thirty (30) days after the end of each calendar-year quarter (*i.e.*,

2  by April 30, July 30, October 30, and January 30) after the Effective Date of this Consent Decree,

3  until termination of this Decree pursuant to Section XVI (TERMINATION), Defendant shall

4  submit to EPA, North Coast and ARB a quarterly report for the preceding quarter that shall

5  summarize:  the status of any construction or compliance measures (e.g., permitting process,

6  anticipated start-up of operation, testing, etc.); completion of milestones; problems encountered

7  or anticipated, together with implemented or proposed solutions; and status of permit

8  applications.  At the time a quarterly report is submitted to EPA and ARB, Defendant shall

9  submit to EPA and ARB a copy of all reports submitted to North Coast during the quarterly

10  period if these reports have not been previously provided to EPA and ARB.

11      b.      Defendant shall notify EPA, North Coast and ARB in a written

12  report, within five (5) business days of the day Defendant first becomes aware of a violation of

13  any requirement of this Consent Decree, and shall identify its duration or, as applicable, likely

14  future duration, with an explanation of the violation's likely cause and of the remedial steps

15  taken, or to be taken, to prevent or minimize such violation.  If the cause of a violation cannot be

16  fully explained at the time this report is due, Defendant shall so state in the report.  Defendant

17  shall investigate the cause of the violation and shall then submit an amendment to the report,

18  including a full explanation of the cause of the violation, within thirty (30) days of the day

19  Defendant becomes aware of the cause of its violation.  Nothing in this Paragraph relieves

20  Defendant of its obligation to provide the notice required by Section VII (FORCE MAJEURE) of

21  this Consent Decree.

22      26.      All reports shall be submitted to the persons designated in

23  Section XII (NOTICES) of this Consent Decree.

24      27.      Each report submitted by Defendant under this Section shall be signed by an

25  official of the submitting party and include the following certification:

26      I certify under penalty of law that I have examined and am familiar with the information
   submitted in this document and all attachments and that this document and its attachments were
27  prepared either by me personally or under my direction or supervision in a manner designed to
   ensure that qualified and knowledgeable personnel properly gather and present the information
28  contained therein.  I further certify, based on my personal knowledge or on my inquiry of those

-9-                                          Consent Decree

1  individuals immediately responsible for obtaining the information, that the information is true,
   accurate and complete. I am aware that there are significant penalties for submitting false
2  information, including the possibility of fines and imprisonment for knowingly and willfully
   submitting a materially false statement.
3

4  This certification requirement does not apply to emergency or similar notifications where

5  compliance would be impractical.

6      28.    The reporting requirements of this Consent Decree do not relieve Defendant of

7  any reporting obligations required by the CAA or implementing regulations, or by any other

8  federal, state, or local law, regulation, permit, or other requirement.

9                        VI.  STIPULATED PENALTIES

10     29.    If Defendant fails to pay the civil penalty required to be paid under Paragraph 7 of

11 this Decree when due, Defendant shall pay a stipulated penalty of five thousand dollars ($5000)

12 per day for each day that the payment is late.  All transmittal correspondence shall state that any

13 such payment is for stipulated penalties for late payment, and shall include the identifying

14 information set forth in Paragraph 7.

15     30.    If Defendant fails to pay the civil penalty required to be paid under Paragraph 8 of

16 this Decree when due, Defendant shall pay a stipulated penalty of five thousand dollars ($5000)

17 per day for each day that the payment is late.   All transmittal correspondence shall state that any

18 such payment is for stipulated penalties for late payment, and shall include the identifying

19 information set forth in Paragraph 8.

20     31.    If Defendant fails to pay the civil penalty required to be paid under Paragraph 9 of

21 this Decree when due, Defendant shall pay a stipulated penalty of five thousand dollars ($5000)

22 per day for each day that the payment is late.   All transmittal correspondence shall state that any

23 such payment is for stipulated penalties for late payment, and shall include the identifying

24 information set forth in Paragraph 9.

25     32.    Defendant shall be liable for stipulated penalties to the United States, ARB

26 and North Coast to the extent that any or all of these Agencies joins in a written demand for and

27 is entitled to payment of stipulated penalties for violations of this Consent Decree as specified

28 below, unless excused under Section VII (FORCE MAJEURE).  A violation includes failing to

                                    -10-                          Consent Decree

1  perform any obligation required by the terms of this Decree, including any work plan or schedule

2  approved under this Decree, according to all applicable requirements of this Decree and within

3  the specified time schedules established by or approved under this Decree.

4

| **Consent Decree Violation** | **Stipulated Penalty (Per day per violation unless otherwise specified)** |
|---|---|
| Failure to comply with particulate matter emission limits in Paragraph 17 after April 25, 2007 | $1,000 for the 1st through 45th day<br>$2,500 for the 45th through 60th day<br>$10,000 for the 61st day and each day beyond |
| Except as provided above, failure to comply with particulate matter emission limits in Paragraphs 12 and 17 | $2,500 for the 1st through 14th day<br>$5,000 for the 15th through 30th day<br>$10,000 for the 31st day and each day beyond |
| Failure to comply with 20% opacity limit in Paragraph 17(b)(i) | $50,000 per quarter |
| Failure to comply with 40% opacity limit in Paragraph 17(b)(ii) | $5,000 for each hour |
| Failure to comply with any compliance milestone in Paragraph 16 with regard to installation, testing, maintenance, and operation of an ESP | $2,500 for the 1st through 14th day<br>$5,000 for the 15th through 30th day<br>$10,000 for the 31st day and each day beyond |
| Failure to comply with any compliance milestone in Paragraph 18 (a) or (b) with regard to installation, operation and certification of COMS | $2,500 for the 1st through 14th day<br>$5,000 for the 15th through 30th day<br>$10,000 for the 31st day and each day beyond |
| Failure to comply with any requirement in Paragraphs 13 or 14 | $5,000 |
| Failure to timely submit Alternative Monitoring Plan for the SDT spray lance system as required by Paragraph 15 | $1,000 |
| Failure to comply with any requirement in Paragraph 19 regarding the Lime Kiln quench system | $1,000 |
| Failure to comply with record retention requirements in Paragraph 20 | $1,000 |

-11-

Consent Decree

| | |
|---|---|
| Failure to timely submit SSM plan as required by Paragraph 21 | $1,000 |
| Failure to comply with recordkeeping and reporting requirements in Paragraph 22 | $1,000 |
| Failure to timely certify to CEMS and COMS requirements as required by Paragraph 23 | $1,000 |
| Failure to comply with any reporting requirement in Section V (REPORTING REQUIREMENTS) of this Consent Decree | $1,000 for the 1st through 14th day $2,500 for the 15th through 30th day $5,000 for the 31st day and each day beyond |
| Any other violation of this Consent Decree | $1,000 |

33.    Stipulated penalties assessed pursuant to this Section VI (STIPULATED PENALTIES) shall begin to accrue on the day after performance is due or on the day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree. Except as otherwise provided in this Decree, Defendant shall pay any stipulated penalties within thirty (30) days of receiving the Plaintiffs' written demand.

34.    Either the United States, ARB or North Coast may seek stipulated penalties under Paragraph 32. Plaintiffs who seek stipulated penalties under Paragraph 32 shall make their written demand therefor jointly. Where more than one of the Plaintiffs seek stipulated penalties for the same violation of this Consent Decree, Defendant shall divide the payment of stipulated penalties equally among the Plaintiffs seeking stipulated penalties, and shall make payment in accordance with the instructions in Paragraphs, 7, 8, and 9 of this Consent Decree.

35.    The United States, ARB or North Coast may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

36.    Stipulated penalties shall continue to accrue during any dispute resolution conducted pursuant to Section VIII (DISPUTE RESOLUTION), but need not be paid until the following:

a.    If the dispute is resolved by agreement or by a decision of EPA, ARB and North Coast that is not appealed to the Court, Defendant shall pay accrued penalties determined or

-12-

Consent Decree

1  agreed to be owing, together with interest, to the Plaintiffs that have demanded stipulated

2  penalties within thirty (30) days of the date of the agreement or decision.

3        b.    If the dispute is appealed to the Court and the Plaintiffs prevail in whole or in part,

4  Defendant shall pay all accrued penalties determined by the Court to be owing, together with

5  interest, within sixty (60) days of receiving the Court's decision or order, except as provided in

6  Subparagraph c, below.

7        c.    If any party appeals the District Court's decision, Defendant shall pay all accrued

8  penalties determined to be owing, together with interest, within fifteen (15) days of receiving the

9  final appellate court decision.

10      37.    Defendant shall pay stipulated penalties in accordance with instructions in

11  Paragraphs 7, 8 and 9 of this Consent Decree as applicable. If Defendant fails to pay stipulated

12  penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on

13  such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.

14      38.    The stipulated penalties provided for in this Consent Decree shall be in addition to

15  any other rights, remedies, or sanctions available to the Plaintiffs for Defendant's violation of

16  this Consent Decree or applicable law. Where a violation of this Decree is also a violation of the

17  Clean Air Act, the Health & Safety Code, or North Coast Rules and Regulations, Defendant shall

18  be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for

19  such violation.

20                            VII. FORCE MAJEURE

21      39.    A "force majeure event" is any event beyond the control of Defendant, its

22  contractors, or any entity controlled by Defendant that delays or prevents the performance of any

23  obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation.

24  "Best efforts" includes anticipating any potential force majeure event and addressing the effects

25  of any such event (a) as it is occurring and (b) after it has occurred, to prevent or minimize any

26  resulting delay to the greatest extent possible. "Force Majeure" does not include Defendant's

27  financial inability to perform any obligation under this Consent Decree. The determination that

28  an event is a force majeure event under this Consent Decree shall not alter or amend any other

1    applicable term, requirement or condition in any permit or federal, state, or local law, rule or

2    regulation ("Applicable Requirements").

3        40.    Defendant shall provide notice to EPA, ARB and North Coast orally or by

4    electronic or facsimile transmission as soon as possible, but not later than 72 hours after the time

5    Defendant first knew of, or by the exercise of due diligence, should have known of, a claimed

6    force majeure event. Defendant shall also provide written notice to EPA, ARB and North Coast

7    within seven (7) days of the time Defendant first knew of, or by the exercise of due diligence,

8    should have know of, the event. The notice shall state the anticipated duration of any delay; its

9    cause(s); Defendant's past and proposed actions to prevent or minimize any delay; a schedule for

10   carrying out those actions; and Defendant's rationale for attributing any delay to a force majeure

11   event. Failure to provide oral and written notice as required by this Paragraph shall preclude

12   Defendant from asserting any claim of force majeure.

13       41.    If the EPA, ARB and North Coast (the "Agencies") collectively agree that a force

14   majeure event has occurred, the Agencies may agree to extend the time for Defendant to perform

15   the affected requirements for the time necessary to complete those obligations. An extension of

16   time to perform the obligations affected by a force majeure event shall not, by itself, extend the

17   time to perform any other obligation. Where the Agencies agree to an extension of time, the

18   appropriate modification shall be made pursuant to Section XV (MODIFICATION) of this

19   Consent Decree.

20       42.    If the Agencies do not all agree that a force majeure event has occurred, or do not

21   all agree to the extension of time sought by Defendant, it shall be deemed that a force majeure

22   event has not occurred and/or that the extension of time sought by Defendant will not be granted,

23   unless Defendant invokes Dispute Resolution under Section VIII (DISPUTE RESOLUTION) of

24   this Consent Decree. In any such dispute, Defendant bears the burden of proving, by a

25   preponderance of the evidence, that each claimed force majeure event is a force majeure event,

26   that Defendant gave the notice required by Paragraph 40, that the force majeure event caused any

27   delay Defendant claims was attributable to that event, and that Defendant exercised best efforts

28   to prevent or minimize any delay caused by the event.

Consent Decree

## VIII.  DISPUTE RESOLUTION

43.    Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the Plaintiffs to enforce any obligation of Defendant arising under this Decree.

44.    Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendant sends the Agencies a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed fifteen (15) days from the date the dispute arises, unless that period is modified by written agreement of the Agencies and the Defendant.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the Agencies shall be considered binding unless, within twenty (20) days after receiving written notice from any Agency terminating informal negotiations, Defendant invokes formal dispute resolution procedures as set forth below.

45.    Formal Dispute Resolution.  Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the Agencies a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but may not necessarily be limited to, any factual data, analysis, or expert opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

46.    The Agencies shall serve their Statement of Position within twenty (20) days of receipt of Defendant's Statement of Position.  The Agencies' Statement of Position shall include, but may not necessarily be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the Agencies.  The Agencies' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

-15-                                    Consent Decree

47.     Defendant may seek judicial review of the dispute by filing with the Court and serving on the Plaintiffs, in accordance with Section XII (NOTICES) of this Consent Decree, a motion requesting judicial resolution of the dispute. The motion must be filed within ten (10) days of receipt of the Agencies' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

48.     The Plaintiffs shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

49.     In any dispute brought under Paragraph 47, Defendant shall bear the burden of demonstrating that its position clearly complies with this Consent Decree and that Defendant is entitled to relief under applicable law. The Plaintiffs reserve the right to argue that their position is reviewable only on the administrative record and must be upheld unless arbitrary and capricious or otherwise not in accordance with law.

50.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 36, above. If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VI (STIPULATED PENALTIES).

## IX. INFORMATION COLLECTION AND RETENTION

51.     The Plaintiffs and their representatives, including attorneys, contractors, and consultants, shall have the right of entry into the Facility at all reasonable times, upon presentation of credentials, to:

a.      monitor the progress of activities required under this Consent Decree;

-16-

Consent Decree

1    b.    verify any data or information submitted to the Plaintiffs in accordance with the

2    terms of this Consent Decree;

3    c.    obtain samples and, upon request, splits of any samples taken by Defendant or its

4    representatives, contractors, or consultants;

5    d.    obtain documentary evidence, including photographs and similar data; and

6    e.    assess Defendant's compliance with this Consent Decree.

7    52.    Upon request, Defendant shall provide the Agencies or their authorized

8    representatives splits of any samples taken by Defendant.  Upon request, the Agencies shall

9    provide Defendant splits of any samples taken by the Agencies.

10    53.    Until five (5) years after the termination of the Consent Decree, Defendant shall

11    retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all

12    documents, records, or other information (including documents, records, or other information in

13    electronic form) in its or its contractors' or agents' possession or control, or that come into its or

14    its contractors' or agents' possession or control, and that relates in any manner to Defendant's

15    performance of its obligations under this Consent Decree.  This information-retention

16    requirement shall apply regardless of any contrary corporate or institutional policies or

17    procedures.  At any time during this information-retention period, the Plaintiffs may request

18    copies of any documents, records, or other information required to be maintained under this

19    Paragraph.

20    54.    At the conclusion of the information-retention period provided in the preceding

21    Paragraph, Defendant shall notify Plaintiffs at least ninety (90) days prior to the destruction of

22    any documents, records, or other information subject to the requirements of the preceding

23    Paragraph and, upon request by Plaintiffs, Defendant shall deliver any such documents, records,

24    or other information to Plaintiffs.  Defendant may assert that certain documents, records, or other

25    information is privileged under the attorney-client privilege or any other privilege recognized by

26    federal law.  If Defendant asserts such a privilege, it shall provide the following for each

27    document, record or information:  (1) the title; (2) the date; (3) the name and title of each author;

28    (4) the name and title of each addressee and recipient; (5) a description of the subject; and (6) the

-17-                                                Consent Decree

1   privilege asserted by Defendant. However, no documents, records, or other information created

2   or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of

3   privilege.

4        55.    Defendant may also assert that information required to be provided under this

5   Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to

6   any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures

7   set forth in 40 C.F.R. Part 2.

8        56.    This Consent Decree in no way limits or affects any right of entry and inspection,

9   or any right to obtain information, held by the Plaintiffs pursuant to applicable federal, state or

10  local laws, regulations, or permits, nor, except as provided in Paragraph 20, does it limit or

11  affect any duty or obligation of Defendant to maintain documents, records, or other information

12  imposed by applicable federal, state or local laws, regulations, or permits.

13              X. UNDERLINE(EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS)

14       57.    This Consent Decree resolves (a) the civil claims of the Plaintiffs for the

15  violations alleged in the Complaint filed in this action through the date of lodging of this

16  Consent Decree; (b) the civil claims alleged in EPA Finding of Violation (Docket No. R9-05-20),

17  EPA Finding and Notice of Violation (Docket No. R9-06-05) and EPA Finding of Violation

18  (Docket No. R9-06-01); (c) the civil claims alleged in North Coast Notices of Noncompliance

19  NON Nos. 10068, 10209, 10214, 10156, 10462, 10467, 10470, 10471, 10472, 10474, and 11302,

20  and (d) the civil claims alleged in North Coast's Stipulated Order of Abatement (No. 01-05-06).

21       58.    The Plaintiffs reserve all legal and equitable remedies available to enforce the

22  provisions of this Consent Decree. This Consent Decree shall not be construed to limit the

23  rights of the Plaintiffs to obtain penalties or injunctive relief under the CAA or implementing

24  regulations, or under other federal, state or local laws, regulations, or permit conditions, except as

25  expressly specified in Paragraph 57.

26       59.    The terms, requirements and conditions of this Consent Decree are in addition to,

27  and not in lieu of, any other applicable term, requirement or condition in any permit or federal,

28  state or local law, rule or regulation ("Applicable Requirement(s)"). Compliance with this

-18-

Consent Decree

1  Consent Decree does not constitute or excuse compliance with any other Applicable

2  Requirement.  Evergreen is responsible apart from this Consent Decree for achieving and

3  maintaining complete compliance with all Applicable Requirements, and Evergreen's

4  compliance with this Consent Decree shall not constitute a defense to any action to enforce any

5  Applicable Requirement.  This Consent Decree is not a permit or a modification of any permit.

6  Plaintiffs do not by their consent to entry of this Consent Decree warrant or aver in any manner

7  that compliance with any aspect of this Consent Decree will result in compliance with the CAA

8  or state law.  This Consent Decree shall not be construed to prevent or limit the rights of the

9  United States, the State of California or North Coast to obtain penalties or injunctive relief under

10  the CAA or state law except as specified in Paragraph 57.

11      60.    Except as otherwise provided by law or determined by a Court of competent

12  jurisdiction, this Consent Decree does not limit or affect the rights of Defendant or of the

13  Plaintiffs against any third parties not party to this Consent Decree, nor does it limit the rights of

14  third parties not party to this Consent Decree against Defendant, except as otherwise provided by

15  law.

16      61.    This Consent Decree shall not be construed to create rights in, or grant any cause

17  of action to, any third party not party to this Consent Decree.

18                          XI.  COSTS

19      62.    The Parties shall bear their own costs of this action, including attorneys' fees,

20  except that the Plaintiffs shall be entitled to collect the costs (including attorneys' fees) incurred

21  in any action necessary to enforce this Consent Decree.

22                          XII.  NOTICES

23      63.    Unless otherwise specified herein, whenever notifications, submissions, or

24  communications are required by this Consent Decree after the Effective Date, they shall be made

25  in writing and addressed as follows:

26  To the United States or DOJ:

27  Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
28  U.S. Department of Justice

Consent Decree

1  Box 7611, Ben Franklin Station
   Washington, DC  20044-7611
2  Re: DOJ No. 90-5-2-1-08786

3  To EPA:
   Kara Christenson, ORC-2
4  U.S. Environmental Protection Agency, Region IX
   75 Hawthorne Street
5  San Francisco, CA  94105
   e-mail: Christenson.Kara@epa.gov
6  (will accept notification by email)

7
   Director, Air Division (AIR-1)
8  U.S. Environmental Protection Agency, Region IX
   75 Hawthorne Street
9  San Francisco, CA  94105
   Attn: Cyntia Steiner (AIR-5)
10 e-mail: Steiner.Cyntia@epa.gov
   (will accept notification by email)
11

12 To ARB:

13 James Ryden
   Chief Compliance Division
14 California Air Resources Board
   1001 I Street, P.O. Box 2815
15 Sacramento, CA  95812
   e-mail: jryden@arb.ca.gov
16

17 with a copy to:

18 George T. Poppic, Jr.
   Senior Counsel
   Air Resources Board
19 P.O. Box 2815
   Sacramento, CA  95812
20 e-mail: gpoppic@arb.ca.gov

21 To North Coast

22 Richard Martin, Jr.
   Air Pollution Control Officer
23 North Coast Unified Air Pollution Control District
   2300 Myrtle Avenue
24 Eureka, CA 95501
   e-mail: rmartin@ncuaqmd.org
25

   Nancy Diamond
26 Attorney at Law
   822 G Street, Suite 3
27 Arcata, CA  95521
   e-mail: ndiamond@humboldt1.com
28

Consent Decree

1   <u>To Evergreen</u>

2   David Tsang
    Chief Executive Officer
3   Evergreen Pulp, Inc.
    1 TCF Drive
4   Samoa, CA 95564
    e-mail: DavidTsang@EvergreenPulp.com
5   (will accept notification by email)

6   Carol Romero
    Manager, Environment and Safety
7   Evergreen Pulp, Inc.
    1 TCF Drive
8   Samoa, CA 95564
    e-mail: CarolRomero@EvergreenPulp.com
9   (will accept notification by email)

10  David Cooke
    Allen Matkins Leck Gamble Mallory & Natsis LLP
11  Three Embarcadero Center, 12th Floor
    San Francisco, CA 94111
12  e-mail: dcooke@allenmatkins.com
    (will accept notification by email)

13

14      64.     Any Party may, by written notice to the other Parties, change its designated notice

15  recipient or notice address provided above.

16      65.     Notices submitted pursuant to this Section shall be deemed submitted upon

17  mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties.

18                          XIII.  <u>EFFECTIVE DATE</u>

19      66.     The Effective Date of this Consent Decree shall be the date upon which this

20  Consent Decree is entered by the Court.

21                          XIV.  <u>RETENTION OF JURISDICTION</u>

22      67.     The Court shall retain jurisdiction over this case until termination of this Consent

23  Decree, for purpose of resolving disputes arising under this Decree or entering orders modifying

24  this Decree, pursuant to Section VIII (DISPUTE RESOLUTION) and Section XV

25  (MODIFICATION), or effectuating or enforcing compliance with the terms of this Decree.

26                          XV.  <u>MODIFICATION</u>

27      68.     The terms of this Consent Decree may be modified only by a subsequent written

28  agreement signed by all the Parties.  Where the modification constitutes a material change to any

                                    -21-                          Consent Decree

1   term of this Decree, it shall be effective only upon approval by the Court.

2                              XVI.  TERMINATION

3         69.    After Defendant has maintained continuous satisfactory compliance with this

4   Consent Decree for a period of two (2) years after the Effective Date of this Consent Decree, and

5   has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree,

6   Defendants may serve upon Plaintiffs a Request for Termination, stating that Defendant has

7   satisfied those requirements, together with all necessary supporting documentation.

8         70.    Following receipt by the Plaintiffs of Defendant's Request for Termination, the

9   Parties shall confer informally concerning the Request and any disagreement that the Parties may

10  have as to whether Defendant has satisfactorily complied with the requirements for termination

11  of this Consent Decree.  If the Plaintiffs agree that the Decree may be terminated, the Parties

12  shall submit, for the Court's approval, a joint stipulation terminating the Decree.

13        71.    If the Plaintiffs do not agree that the Decree may be terminated, Defendant may

14  invoke Dispute Resolution under Section VIII (DISPUTE RESOLUTION) of this Decree.

15  However, Defendant shall not seek Dispute Resolution of any dispute regarding termination,

16  under Paragraph 47 of Section VIII (DISPUTE RESOLUTION), until thirty (30) days after

17  service of its Request for Termination.

18                           XVII.  PUBLIC PARTICIPATION

19        72.    This Consent Decree shall be lodged with the Court for a period of not less than

20  thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The

21  Plaintiffs reserve the right to withdraw or withhold their consent if the comments regarding the

22  Consent Decree disclose facts or considerations indicating that the Consent Decree is

23  inappropriate, improper or inadequate.  Defendant consents to entry of this Consent Decree

24  without further notice.

25                          XVIII.  SIGNATORIES/SERVICE

26        73.    Each undersigned representative of the Parties certifies that he or she is fully

27  authorized to enter into the terms and conditions of this Consent Decree and to execute and

28  legally bind the Party he or she represents to this document.

                                        -22-                        Consent Decree

74.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

75.     Defendant agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the Plaintiffs have notified Defendant in writing that they no longer support entry of the Decree.

76.     Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

XIX.  FINAL JUDGMENT

77.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to Plaintiffs and Defendant.

**IT IS SO ORDERED:**

Dated: 1/29/08

_____
United States District Judge

-23-                                          Consent Decree